**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

MARK WILLIAMS                                                                                          PLAINTIFF

VS.                                                             CIVIL ACTION NO. 3:05CV484-HTW-JCS

LEXTRON-VISTEON AUTOMOTIVE SYSTEMS, LLC.,
and CHARLES J. DOTY, INDIVIDUALLY                                      DEFENDANTS

## ORDER

Before the court is the motion for entry of default judgment submitted by the plaintiff Mark Williams against the defendant Charles J. Doty [**Docket No. 14-1**].  The plaintiff claims to have served the defendant Charles J. Doty with a summons and a copy of the complaint that commenced this action on August 8, 2005.  On November 21, 2005, the plaintiff filed the instant motion and a motion for a Clerk's entry of default [**Docket No. 15-1**].

On November 18, 2005, the plaintiff moved to amend his complaint.  The amended complaint was granted on December 21, 2005, once again naming Charles J. Doty as a defendant, notwithstanding the pending motion for default judgment.  On December 28, 2005, counsel appeared on behalf of Charles J. Doty and, among other things, filed a response to the motions for entry of default and default judgment.

Counsel for Doty contends that at sometime during the month of October, 2005, Mr. Doty and the plaintiff agreed to allow Doty time to retain counsel and fie an answer to the initial complaint.  This court finds no Order of the court granting such an extension.  Then, as previously noted, the plaintiff moved to amend his complaint and the first amended complaint was filed on December 21, 2005.

Doty now asks the court in his response to deny the plaintiff's motions for the following reasons: (1), plaintiff agreed to extend the deadline for filing an answer to the first complaint; (2), no date certain was established as the deadline for filing the answer; (3), Doty was not served a copy of the motion for entry of default judgment; (4), Doty was not served with a copy of the amended complaint, notwithstanding that he has been named as a party defendant; (5), counsel has been retained to defend the claims asserted against Mr. Doty; (6), Doty now has submitted an answer to the original complaint; (7), Doty claims to have meritorious defenses to the claims asserted against him in the complaint; (8), denying the motion for default judgment will serve the long-established policy to favor adjudication of claims upon their merits; and (9), the plaintiff will suffer no hardship in proceeding to trial on the merits.

After a defendant's default has been entered, plaintiff may apply for a judgment based on such default. *New York Life Insurance Company v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  In the instant case the Clerk of the Court has not yet entered a default and the party against whom the default was sought now has responded and is prepared to proceed with counsel.  Default judgments are a drastic remedy, not favored by the Federal Rules and are resorted to by courts only in extreme situations. *Sun Bank of Ocala v. Pelican Homestead and Savings Association*, 874 F.2d 274, 276 (5th Cir.1989).   Moreover, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996);  rather, a default judgment is normally committed to the discretion of the district court.  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.1977).

Under the circumstances presented by the parties, this court is persuaded to deny the plaintiff's motion for default judgment. The motion for entry of default is denied as moot.

**SO ORDERED** this the 19th day of May, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:05-cv-484WS

Order