IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARK WILLIAMS                                                                                    PLAINTIFF

vs.                                                                    Civil Action No. 3:05-cv-484 HTW-LRA

LEXTRON-VISTEON AUTOMOTIVE
SYSTEMS, LLC., et al.                                                                           DEFENDANTS

## ORDER

Before the court are defendants' motions for partial summary judgment [docket #s 54 and 56, identical motions filed one day apart]; motion for extension of time to file response [docket # 58]; and, defendants' motion for extension of time to file response [docket # 62]. The parties presented oral argument on January 9, 2007.

The parties' motions to extend time are now MOOT [docket #s 58, 62]. The parties have filed their responses, so the motions may be viewed as having been granted.

Plaintiff concedes his negligence claim, as well as the defamation claim asserted against Mr. Doty individually. Accordingly, this court hereby dismisses these claims with prejudice.

Motions for summary judgment submitted pursuant to Federal Rule Civil Procedure 56 may not be granted if the court finds that issues of material facts are in dispute. *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The parties' submissions, as well as arguments before the court, show that this lawsuit features disputes over relevant facts. Seeking compensatory and punitive damages, plaintiff alleges the following causes of action: tortious interference with

business and/or contractual relations;  ERISA violations;  intentional and/or negligent infliction of emotional distress;  negligence;  and defamation.  As stated earlier, plaintiff has conceded his negligence claim and plaintiff's ERISA claim is not targeted for attack in defendants' motion for partial summary judgment.

The bedrock of plaintiff's lawsuit is his defamation claim, serving as the vital catalyst for plaintiff's other claims.  Factually disputed here are the following:  the specifics of defendants' conversation with Calsonic;  whether defendants provided an actionable "half or incomplete" truth relative to harassment allegations lodged against plaintiff;  whether plaintiff ever admitted the gravamen of these allegations;  whether Calsonic's job offer to plaintiff was rescinded by Calsonic because Calsonic was provided a defamatory reference by defendants;  and, finally, whether the conversation in question between Calsonic and defendant enjoyed any privilege.  For the above reasons, this court hereby denies defendants' motions for partial summary judgment [docket #s 54, 56].

**SO ORDERED, this the 10th day of January, 2007.**

        **s/ HENRY T. WINGATE**
         **CHIEF UNITED STATES DISTRICT JUDGE**

Order
Civil Action No. 3:05-cv-484 HTW-LRA